OPINION
Defendant-Appellant Thomas L. Rice is appealing the trial court's judgment finding him guilty of speeding.
On October 7, 1999, Rice was cited for traveling sixty-five miles per hour in violation of R.C. 4511.21(D)(3). This statute sets a speed limit of fifty-five miles per hour upon a highway for motor vehicles weighing in excess of 8,000 pounds when empty. At his arraignment on October 18, 1999, Rice pled not guilty, and a bench trial was held on January 6, 2000. At trial, Ohio State Highway Patrol Trooper Bruce E. Cornett testified that on the morning of October 7, 1999, he was piloting a patrol aircraft in an air speed zone checking the speeds of vehicles on Interstate 70, just east of U.S. Route 40 in Clark County, Ohio. The speed zone was one mile long, and was divided into four quarter-mile increments, each marked with a line which was clearly visible from the aircraft.
Tpr. Cornett explained that he had used a calibrated electronic programmable stopwatch to calculate the speed of Rice's vehicle by timing how long it had taken for the vehicle to proceed between the marked lines on the roadway. He stated that the stopwatch had been checked for accuracy in two different ways: (1) at approximately the fifteenth day of every month the stopwatch was checked for accuracy against the signal broadcast from the atomic clock in Fort Collins, Colorado, and (2) at the beginning and the end of every working day the stopwatch was run for approximately sixteen seconds and the speed it displayed was compared to a standard calibration chart. Tpr. Cornett recalled calibrating the stopwatch on the morning of October 7, 1999, and he had determined that the stopwatch was accurate.
At approximately 10:07 a.m., Tpr. Cornett noticed a red "semi" tractor trailer with a white "box," driven by Rice, proceeding westbound on I-70. The vehicle caught his attention after noticing that it had passed two other vehicles before entering the speed zone. Tpr. Cornett timed Rice through all four quadrants of the zone and found that it took Rice 14.01 seconds to proceed through the first quarter, equaling a speed of sixty-four miles per hour; 13.80 seconds to proceed through the second quarter, equaling a speed of sixty-five miles per hour; 14.22 seconds to proceed through the third quarter, equaling a speed of sixty-three miles per hour; and 14.80 seconds to proceed through the fourth quarter, equaling a speed of sixty miles per hour.
Tpr. Cornett stated that there had been other vehicles in the speed zone at the same time that Rice had passed through, but that his had been the only red tractor trailer in the "immediate vicinity." Tpr. Cornett also testified that, although he had been unable to read the license plate, he had noticed the letters "CFI" written on the side of Rice's vehicle.
Once Rice's vehicle was outside the speed zone, Tpr. Cornett radioed to State Highway Patrol Lieutenant Rod A. Moser, who was stationed on the ground just past U.S. 40 on I-70. Tpr. Cornett informed Ltn. Moser that Rice's vehicle had been speeding, and he had recommended that Rice be pulled over and given a citation. Tpr. Cornett maintained visual contact with Rice's vehicle until Ltn. Moser pulled behind the tractor trailer and stopped the vehicle. Tpr. Cornett confirmed with Ltn. Moser that the vehicle he had pulled over was the vehicle that Tpr. Cornett had timed and found to have been speeding, and he again advised Ltn. Moser of Rice's speed at the time of the violation.
Tpr. Cornett testified that he had been flying at an altitude of 3,500 feet and at a speed of approximately 115 miles per hour. He could not recall the exact location of his aircraft at the time he had timed Rice's vehicle, and he could not recall if he had been flying in the same direction in which Rice's vehicle was headed.
Ltn. Moser stated that he had stopped Rice's vehicle just west of U.S. 40 after confirming with Tpr. Cornett that he had been following the correct vehicle. He stated that, when he approached Rice's vehicle, Rice claimed that he had been traveling only fifty-eight miles per hour, and that he had been aware of the presence of the patrol aircraft. Ltn. Moser explained that the section in which Rice had been driving sixty-five miles per hour had a speed limit of fifty-five miles per hour for vehicles weighing over 8,000 pounds while empty. According to Ltn. Moser, tractor trailers similar to Rice's generally weigh much more than 8,000 pounds, and he was certain that the combination of the tractor and the trailer did exceed the 8,000 pound limit.
Moreover, Ltn. Moser had personal knowledge that the marked lines on which the speed calculations were based were at least 1,320 feet apart, because he had walked the distance using a roll tape.
At the end of the hearing, the trial court found Rice guilty of the speeding violation. Rice was sentenced to a fine of $100 and court costs of $63.10.
Rice now appeals, asserting one assignment of error.
 The trial court committed reversible error by convicting the Appellant of Ohio Revised Code § 4511.21(D)(3) when such conviction was against the manifest weight of the evidence.
 Rice's assignment of error contains two arguments, both a sufficiency of the evidence argument and a manifest weight of the evidence argument.
Sufficiency of the evidence is a question of law which tests the adequacy of the evidence. State v. Thompkins (1997),78 Ohio St.3d 380, 386. In considering a claim of sufficiency of the evidence, a reviewing court:
 [E]xamine[s] the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Additionally, because the trier of fact is in a better position to observe the witnesses' demeanor, gestures and voice inflection, the weight of the evidence and credibility issues are best resolved by the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus, 39 Ohio Op.2d 366, paragraph one of the syllabus.
Rice argues that the trial court erred in finding him guilty of violating R.C. 4511.21(D)(3) when there was not sufficient evidence establishing the weight of his vehicle. R.C.4511.21(D)(3) states:
 (D) No person shall operate a motor vehicle * * * upon a street or highway as follows:
 (3) If a motor vehicle weighing in excess of eight thousand pounds empty weight * * * at a speed exceeding fifty-five miles per hour upon a freeway[.]
 Rice notes that the only evidence provided by the State that his vehicle weighed over 8,000 pounds was Ltn. Moser's statement that "semis {sic}, in general, are much heavier [than 8,000 pounds]. I don't know his specific weight, but well over 8,000 pounds." (Tr. 22) Rice points out that Ltn. Moser had no independent knowledge that the vehicle was over 8,000 pounds, and that the trial court, in effect, had inappropriately taken judicial notice of the weight of tractor trailers. We do not agree.
Ohio courts have determined that the State must present evidence on the weight of the vehicle under R.C. 4511.21(D)(3).State v. Brooks (June 29, 1999), Ashland App. No. 98-COA-01268, unreported; State v. Dietrich (Feb. 27, 1997), Franklin App. No. 96APC07-941, unreported; State v. Myers (May 25, 1995), Franklin App. No. 94 APC11-1601, unreported; Ohio State Patrol v. Hitt
(Feb. 12, 1993), Lake App. No. 92-L-081, unreported; State v.Swinehart (Aug. 27, 1992), Ashland App. Nos. CA-999, CA-1000, unreported.
"[T]he general description of the vehicle is insufficient to allow the trier of fact to infer the necessary weight, as the weight of a given semi tractor-trailer is beyond common knowledge[.]" Myers,supra. Other courts have found that an officer's testimony of a vehicle's weight based upon his training and experience is sufficient to support a conviction under R.C. 4511.21(D)(3).Brooks, supra; Swinehart, supra. It is within the trial court's discretion, however, to determine whether or not the officer had "sufficient expertise to testify to the weight of the vehicle."Dietrich, supra.
In this instance, Ltn. Moser, who had twelve years of experience with the highway patrol, testified that it was his knowledge that tractor-trailers generally weigh "well over 8,000 pounds." He further stated that although he was not certain that the empty trailer itself weighed 8,000 pounds, he was certain that the "truck and trailer combination" weighed more than 8,000 pounds.
We find that this testimony, although brief, does establish that, based upon Ltn. Moser's training and experience, he had knowledge that the weight of the vehicle was in excess of 8,000 pounds. Furthermore, viewing Ltn. Moser's testimony in a light most favorable to the State, we do find that the evidence, if believed, would convince the average mind beyond a reasonable doubt that Rice's vehicle had exceeded the 8,000 pound limit, and therefore his speed of sixty-five miles per hour had violated R.C.4511.21(D)(3). We thus overrule the first portion of Rice's assignment of error.
In considering Rice's next issue, we note that in weight of the evidence challenges, an appellate court:
 [R]eview[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 Thompkins, supra, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. While Thompkins explicitly permits this court to consider credibility when confronted with an argument that the verdict is against the manifest weight of the evidence, such consideration is not unbounded. We have explained the limited role of an appellate court in reviewing issues of credibility in weight of the evidence challenges as follows:
 Because the factfinder, be it the jury or * * * the trial judge, has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness. Contrastingly, the decision as to which of several competing inferences, suggested by the evidence in the record, should be preferred, is a matter in which an appellate judge is at least equally qualified, by reason and experience, to venture an opinion. Therefore, although this distinction is not set forth in Thompkins, supra, we conclude that a decision by a factfinder as to which testimony to credit, and to what extent, is a decision that is entitled to greater deference than the decision as to how much logical force to assign an inference suggested by that evidence — in short, how persuasive it is.
 State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported. Mindful of these principles, we turn to the merits of Rice's second issue.
Rice argues that his conviction was against the manifest weight of the evidence based upon the testimony of Tpr. Cornett, which he characterizes as "not credible." He argues that Tpr. Cornett's testimony was not credible because he had been observing Rice from a distance of 3,500 feet above the ground, which could have resulted in a variation of even one second in his calculation of Rice's speed, and which would have resulted in Rice being found not guilty of the violation. We do not agree.
Tpr. Cornett testified as to the accuracy of the stop watch and the calculation of a vehicle's speed within the speed zone. He stated the times it had taken Rice to cross from one quadrant into another. He also testified to his calculation of Rice's speed through the quadrants. Tpr. Cornett stated that Rice had been the only vehicle he had timed at that particular time, and that he had been flying approximately one-quarter to one-half a mile away from Rice's vehicle. However, at all times during the timing Rice's vehicle was clearly visible to Tpr. Cornett. Furthermore, as pointed out by the State in its brief, Rice offered no evidence to contradict the accuracy of Tpr. Cornett's measurements of Rice's speed. He further produced no evidence that Tpr. Cornett's ability to measure time was affected by the plane's distance from Rice's vehicle.
Accordingly, the verdict is not against the manifest weight of the evidence, and we overrule Rice's assignment of error.
The judgment of the trial court is affirmed.
BROGAN, J. and WOLFF, J., concur.